# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

————————————

### No. 201700036

————————————

### UNITED STATES OF AMERICA
Appellee

v.

### AUSTIN J. HUNTER
Private (E-1), U.S. Marine Corps
Appellant

————————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Major Robert D. Merrill, USMC.
Convening Authority: Commanding Officer, Headquarters and Service Battalion, Marine Corps Base, Quantico, VA.
Staff Judge Advocate's Recommendation: Major Michael J. Eby, USMC
For Appellant: Major Jason L. Morris, USMCR
For Appellee: Commander Joseph E. Stolasz, JAGC, USN; Major Kelli A. O'Neil, USMC

————————————

Decided 8 August 2017

————————————

Before MARKS, RUGH, and JONES, *Appellate Military Judges*

————————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

————————————

RUGH, Judge:

A military judge sitting as a special court-martial convicted the appellant, pursuant to his pleas, of aggravated assault, assault consummated by a battery, obstructing justice, and breaking restriction, in violation of Articles 128 and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 928 and 934 (2012). The military judge sentenced appellant to nine months'

confinement, forfeiture of $1,000.00 pay per month for nine months, and a bad-conduct discharge. In accordance with a pretrial agreement (PTA), the convening authority (CA) approved the sentence, suspending confinement in excess of five months, and, except for the bad-conduct discharge, ordered the sentence executed.

The appellant now raises one assignment of error: that he was prejudiced when he was not served the addendum to the staff judge advocate's recommendation (SJAR) pursuant to the RULE FOR COURTS-MARTIAL (R.C.M.) 1106(f)(7), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2016 ed.). We agree and remand for new post-trial processing.

## I. BACKGROUND

On 24 January 2016, the appellant and his friend, Private First Class (PFC) Carroll, assaulted Lance Corporal (LCpl) JS in the barracks, holding him down and attempting to remove his belt after threatening to rape him. On 30 July 2016, the appellant and PFC Carroll assaulted a night club bouncer as he escorted them from the night club. During this assault, the appellant kicked the bouncer in the head after PFC Carroll knocked him to the ground causing the bouncer serious injury, including facial fractures.

On 11 December 2016, after pleading guilty at court-martial, the appellant submitted a request for clemency which misstated the CA's authority to grant relief from confinement pursuant to R.C.M. 1105. After the 27 December 2016 SJAR corrected the misstatement, the appellant submitted a second clemency request on 4 January 2017 asking the CA to defer and disapprove all forfeitures.

At the same time, the victims' legal counsel (VLC) for LCpl JS submitted matters for consideration by the CA pursuant to R.C.M. 1105A. In her letter dated 27 December 2016, the VLC urged the CA to deny clemency to the appellant. In support of her request, the VLC argued that the appellant assaulted LCpl JS "by force and without his consent" and asserted that "[t]he only thing that saved [LCpl JS] from [the appellant] going any further was a knock at their barracks room door."[1] This assertion was based on inferences drawn from Prosecution Exhibit (PE) 1, a stipulation of fact, which provided:

> The [appellant] then attempted to remove the belt of LCpl
> JS and succeeded in unbuckling the belt buckle. At that point,
> [another LCpl] knocked on the barracks room door, upon

---

[1] Victim's Submission of Post-trial Matters (VLC Letter) of 27 Dec. 2016.

> hearing a physical altercation, and inquired if everything was alright. . . . LCpl JS departed the barracks room at that point.[2]

The VLC further argued that the appellant "placed my client in a tremendous amount of fear for his safety. Furthermore, the embarrassment of being an assault victim of another male is uniquely embarrassing to [LCpl JS]."[3] LCpl JS did not testify at trial but did provide a letter for the military judge's consideration in pre-sentencing.[4] In his letter, LCpl JS did not discuss the assault at length or describe why he found the assault by the appellant uniquely embarrassing.

On 18 January 2017, the staff judge advocate provided an addendum to his recommendation enclosing the VLC's letter and the appellant's second clemency request. The addendum asserted that "[s]ince no new matters, as defined under [R.C.M.] 1106(f), are addressed by this addendum, the case is now ready for your action."[5] The appellant was never served the SJAR addendum, and his trial defense counsel was unaware of the VLC's letter or its contents until after the CA acted.

On 19 January 2017, the day after the SJAR addendum was provided, the CA acted, approving the findings and sentence in accordance with the PTA but denying any additional clemency.

## II. DISCUSSION

Post-trial conduct must consist of fair play, specifically giving the appellant "notice and an opportunity to respond." *United States v. Leal,* 44 M.J. 235, 237 (1996). In support of the general concept of fair play, R.C.M. 1105(c)(1) and 1106(f)(7) require that, if the SJAR addendum contains "new matter," the addendum must be served on the appellant and defense counsel, who then have an opportunity to comment on the addendum.

"'New matter' includes discussion of the effect of new decisions on issues in the case, matter from outside the record of trial, and issues not previously discussed. 'New matter' does not ordinarily include any discussion by the staff judge advocate . . . of the correctness of the initial defense comments on the recommendation." R.C.M. 1106(f)(7), Discussion; *United States v. Catalani*, 46 M.J. 325, 326 (C.A.A.F. 1997).

---

[2] PE 1 at 2.

[3] VLC Letter.

[4] PE 3.

[5] SJAR Addendum of 18 Jan 2017.

Whether the SJAR addendum included new matter is a question of law we review *de novo. United States v. Chatman*, 46 M.J. 321, 323 (C.A.A.F. 1997). In this case, because the VLC's letter included inferences and arguments adverse to the appellant from outside the record of trial, we find that the SJAR addendum contained new matter and should have been served on the appellant and defense counsel with an opportunity to comment. This information was neither neutral nor trivial as the letter zealously advocated solely on behalf of the victim. The letter amounted to a direct avenue of influence from the victim to the CA, which should have been balanced with an opportunity for counter-advocacy from the defense. Fair play demanded it. As a result, failure to serve the addendum and enclosures on the defense was error.

Where matters adverse to the accused from outside the record have been erroneously considered by the CA, the Court of Appeals for the Armed Forces (CAAF) has stated:

> [W]e will require appellant to demonstrate prejudice by stating what, if anything, would have been submitted to "deny, counter, or explain" the new matter. . . . We believe that the threshold should be low, and if an appellant makes some colorable showing of possible prejudice, we will give that appellant the benefit of the doubt and "we will not speculate on what the convening authority might have done" if defense counsel had been given an opportunity to comment.

*United States v. Rodriguez-Rivera*, 63 M.J. 372, 384 (C.A.A.F. 2006) (quoting *Chatman*, 46 M.J. at 323-24.).

Here, the appellant asserts that, if given the opportunity, he would have denied and countered the VLC's allegations to the extent they relied on conduct to which the appellant pleaded not guilty.[6] We find this sufficient to meet the appellant's low threshold. In this way, this case is distinguishable from decisions like *United States v. Morales*, 2015 CCA LEXIS 53 (N-M. Ct. Crim. App. 19 Feb. 2015), submitted without assignment of error, in which the appellant failed to allege any prejudice resulting from the failure to serve new matters on the defense.

---

[6] For Specification 2 of Charge III, assault consummated by battery of LCpl JS, the appellant pleaded guilty by exceptions and substitutions, excepting the language "unlawfully removed the belt and pants" and substituting the language "unlawfully unbuckle the belt" of LCpl JS. Record at 9.

## III. CONCLUSION

We set aside the CA's action dated 19 January 2017 and return the record to the Judge Advocate General for remand to an appropriate convening authority for new post-trial processing.

Senior Judge MARKS and Judge JONES concur.

For the Court

R. H. TROIDL
Clerk of Court